UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                :

ABRAHAM FRAENKEL, et al.,           :

                      Plaintiffs,     :

              - against -        :            24-CV-4484 (RA) (RWL)

                                :

STANDARD CHARTERED BANK,      :

                    Defendant.    :

                                :
------------------------------------------------------------X
                                :

SHMUEL BRAUNER, et al.,           :

                      Plaintiffs,     :

              - against -        :            24-CV-5788 (RA) (RWL)

                                :

STANDARD CHARTERED BANK,      :      **ORDER**

                    Defendant.    :

                                :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

       This order resolves the motions of Plaintiffs in both captioned cases to consolidate the cases for all purposes. Standard Chartered Bank ("Standard"), the defendant in both cases, opposes. In both cases, Plaintiffs accuse Standard Charter of violating the Anti-Terrorism Act, 18 U.S.C. § 2333, by providing financial services to and support for Iran's Islamic Revolutionary Guard Corps in carrying out terrorism that killed and injured Plaintiffs and their family members. The two actions involve substantially the same legal issues and have significant factual overlap. The principal differences between the two

actions are the identity of the plaintiffs and the specific terror attacks that allegedly caused their injuries.

Consolidation is authorized by Federal Rule of Civil Procedure 42(a)(2) when two cases "involve a common question of law or fact." Whether and to what extent to consolidate is a decision for which the district court has "substantial discretion." *Hall v. Hall*, 584 U.S. 59, 77, 138 S. Ct. 1118, 1131 (2018). That discretion is guided by considerations of, among others, judicial efficiency and economy, prejudice to the parties, and potential confusion. *See Stevens v. Hanke*, No. 20-CV-4765, 2022 WL 489054, at *2 (S.D.N.Y Feb. 17, 2022) ("Consolidation is warranted where it promotes judicial economy and serves to eliminate the waste associated with duplicative discovery and multiple trials, and the danger of inconsistent verdicts") (internal quotation marks and citation omitted); *Darezzo v. 200 Ninth Restaurant LLC*, No. 14-CV-5099, 2015 WL 195852, at *2 (S.D.N.Y. Jan. 14, 2015) (considering "whether the gains in efficiency and economy are outweighed by the risks of prejudice and possible confusion") (internal quotation marks and citation omitted). "The party seeking consolidation bears the burden of demonstrating that the interest of judicial economy is outweighed by the possibility of prejudice or delay." *CCR International, Inc. v. Elias Group, LLC*, No. 15-CV-6563, 2018 WL 3135849, at *3 (S.D.N.Y. June 26, 2018).

Here, consolidation for all purposes is premature. Plaintiffs have filed a consolidated complaint in both cases, and the parties are filing consolidated briefs for Standard's motion to dismiss. An initial pretrial conference has been deferred until after resolution of the motion to dismiss, at least in the *Fraenkel* case. Taking account of the

early stage of litigation and that discovery has not yet begun, and considering all relevant factors, the Court deems it most prudent to proceed, and so orders, as follows:

Plaintiffs' motion to consolidate is granted in part.  The captioned cases are consolidated through the motion to dismiss stage without prejudice to renew at the appropriate time for further consolidation for purposes of discovery and thereafter.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 29 in 24-CV-4484, and Dkt. 20 in 24-CV-5788.

SO ORDERED,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: November 6, 2024
        New York, New York